GREGORY M. BERGMAN (Bar No. 65106)
RICHARD A. FOND (Bar No. 53533)
BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024-4101
Telephone: 310.470.6110
Facsimile: 310.474.0931

Attorneys for Defendant Century Housing Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| RALPH W. KEITH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN A. VOLPE, as Secretary of Transportation, et al.,<br><br>Defendants. | Case No. CV 72-355-HP<br><br>**MOTION FOR ORDER DISMISSING DEFENDANT CENTURY HOUSING CORPORATION**<br><br>**PROPOSED ORDER FILED CONCURRENTLY** |
|---|---|

Defendant Century Housing Corporation ("Century") moves the court for an appropriate order dismissing Century from this case and relieving Century of any future court oversight of its finances or operations.

The motion is directed to the Chief Judge because the case has been presided over since its filing by the late Judge Harry Pregerson, and the case docket does not designate a replacement for Judge Pregerson, who died in November 2017. The motion is based on the following Memorandum.

DATED: May 3, 2018            BERGMAN DACEY GOLDSMITH

By: /s/ Richard A. Fond
Richard A. Fond
Attorneys for Defendant
Century Housing Corporation

## MEMORANDUM IN SUPPORT OF MOTION FOR ORDER OF DISMISSAL

This case is 46 years old. The court's docket reflects no activity of record since 2007.

Century Housing Corporation ("Century") is a non-profit corporation and the successor to a California state program known as the Century Freeway Housing Program ("CFHP"). The existence of both Century and CFHP can be traced to this lawsuit. The lawsuit was filed in 1972 in response to the planning of the Century Freeway, I-105, which links Los Angeles International Airport with the city of Norwalk.

Residents in areas affected by the proposed development fought it. They filed several lawsuits, including this one, seeking to halt construction until the impacts of the freeway could be evaluated and minimized. Century was not one of the original defendants in the lawsuit, as it would be another 25 years before Century was formed. In 1979, CFHP was created as a vehicle to implement a settlement of the litigation. The California Department of Transportation and the Federal Highway Administration, two of the original defendants in the suit, agreed to reduce the width of the freeway and to set aside funds earmarked for freeway construction to create nearly 4,000 units of affordable housing for those displaced by the freeway's construction; CFHP was created to carry out this mission, and it was also charged with creating minority and female employment opportunities. CFHP was so successful in reaching and exceeding its stated goals that after the Century Freeway opened in 1993, CHFP was privatized and renamed Century Housing Corporation.

In 1995, after CHFP had achieved its goals, the court issued an order approving a Consent Decree that created Century and established the parameters of the court's jurisdiction over Century. The 1995 Consent Decree was amended by further stipulated orders in 1997 and 1998. To carry out 1995 Consent Decree and the orders amending it, Century paid a substantial sum to fund a long-term plan of distribution and expenditures proposed by the plaintiffs. The orders also directed Century to provide quarterly financial reports to Judge Harry Pregerson, who had been designated to preside over all aspects of this action, including Century's ongoing compliance with all of its obligations under the

court's orders approving and amending the consent decree. Judge Pregerson took a hands-on approach to the court's oversight of Century. For many years Century provided its quarterly reports directly to Judge Pregerson. Century continued providing these reports until Judge Pregerson's death in November 2017.

The 1998 Order amending the 1995 Consent Decree called on its face for the dismissal of this action to be filed no later than July 31, 2000. The same Order imposed on Century the open-ended duty to "continue to provide the Court and the parties with quarterly reports as provided in this Court's order dated July 31, 1995,…"

The court's docket reflects that on March 29, 2000 Judge Pregerson signed a stipulated order extending the court's jurisdiction through October 13, 2003. There is nothing in the docket that suggests that the court – with or without the agreement of the parties – took formal steps to extend its jurisdiction over the case or over Century beyond October 13, 2003. Yet Century's activities have been subject to continuing oversight by this court for another 14 ½ years and, without further action by the court, Century will remain subject to oversight indefinitely.

The docket also reflects the filing of Century's quarterly reports through 2007. The last entry in the docket confirms the filing, on February 8, 2007, of Century's report for the quarter ending December 31, 2006. Century has continued filing quarterly reports for over 11 years, but these reports are not reflected on the court's docket.

The 1995 Consent Decree recites that it shall last as long as the court has jurisdiction over Century. Separate from the statement regarding dismissal in the 1998 Order, all defendants except Century have been dismissed from the case by means of dismissals signed by Judge Pregerson.

Although the docket tells us that the case has been inactive since 2007 and that it was supposed to have been dismissed as to all defendants no later than 2000, the docket raises doubts about whether the case against Century has been dismissed, in that Century has remained subject to the court's jurisdiction and has not received an order of dismissal like those received by all other defendants. To erase those doubts, Century seeks an appropriate

order that (1) dismisses Century from this action, with prejudice, (2) declares that Century has conducted itself in accordance with the requirements of the 1995 Consent Decree, as amended, from the time of its incorporation until the entry of the dismissal, and (3) declares that the dismissal of Century from this action represents the termination of the 1995 Consent Decree, as amended. In the alternative, but only if the court determines that the record is inadequate to support an order granting the requested relief, Century seeks guidance from the court with regard to the steps the court will require as a prerequisite to declaring Century irrevocably dismissed from this case and the Consent Decree terminated.

This motion invokes the inherent power of the courts to control their dockets, as by exercising supervisory and administrative powers over the cases before them. *See Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.* 146 F.3d 1071, 1074 (9th Cir. 1998). Century asks the court to exercise its inherent power to dismiss Century from this long-dormant lawsuit [*Cf. Link v. Wabash Railroad Co.* 370 U.S. 626 (1962)] so that Century may at last be freed from uncertainty regarding any ongoing obligations to the court or to the other parties to this action.

DATED: May 3, 2018         BERGMAN DACEY GOLDSMITH

By: /s/ Richard A. Fond
Richard A. Fond
Attorneys for Defendant
Century Housing Corporation